UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS KNOX<br>       Plaintiff,<br><br>       v.<br><br>DEPARTMENT OF CORRECTION, et al.,<br><br>       Defendants. | C.A. No. 14-12457-LTS |

ORDER

SOROKIN, D.J.

Plaintiff Thomas Knox ("Knox"), a paraplegic inmate at the Massachusetts Treatment Center, filed suit against six correctional defendants for the alleged violation of his constitutional rights as well as violations of the Americans with Disabilities Act and the Rehabilitation Act. With his complaint, Knox filed an Application to Proceed Without Prepayment of Fees ("Application") and a motion for appointment of counsel. See Docket. Knox's application was not accompanied by a copy of his prison account statement.

On June 26, 2014, Knox filed a motion for leave to file an amended complaint. See Docket No. 5. Knox alleges that he was transferred to MCI-Concord and subsequently transferred out the following day because of the multiple barriers, including the fact that MCI-Concord is not wheelchair accessible.

Knox's Application states that he has $158.00 in a prison account and no steady source of income. Based upon this financial record, the Court will allow the Application notwithstanding that Knox failed to submit a certified prison account statement as required under 28 U.S.C. § 1915. To the extent Knox is a prisoner, he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b).[1] However, without a copy of his certified prison account

---

[1] If Knox is a civilly committed patient, then he is not considered a "prisoner" within the meaning of 28 U.S.C. § 1915(h). See King v. Greenblatt, 53 F. Supp. 2d 117, 138 (D. Mass. 1999) (civilly committed residents at treatment center are not prisoners within the meaning of § 1915(h)); see also Michau v. Charleston County, 434 F.3d 725, 727 (4th Cir. 2006) (holding that civil detainee under South Carolina's Sexually Violent Predator Act was not a prisoner under the PLRA); Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (holding that civil detainee

1

statement, the Court cannot assess the fee.[2]

Accordingly:

1. Plaintiff's Application to Proceed Without Prepayment of Fees is allowed and any assessment of the filing fee pursuant to 28 U.S.C. § 1915(b) is deferred;

2. Within 42 days of the date of this Order, plaintiff either must submit his certified prison account statement under 28 U.S.C. § 1915 or submit a statement indicating that he is a civilly committed patient. Failure to comply with this directive may result in dismissal of this action. The Clerk shall also send a copy of this Procedural Order to the Treasurer's Office at the Massachusetts Treatment Center in order to facilitate any request by the plaintiff for his certified prison account statement;

3. Plaintiff's Motion for Appointment of Counsel (Docket No. 3) is denied without prejudice to renew after the defendants have been served and file responsive pleadings;

4. Plaintiff's Motion for Leave to File an Amended Complaint (Docket No. 5) is granted to the extent Knox seeks to add a two-page addendum to his complaint after page 13; and

5. The Clerk shall issue summonses for service of the six defendants. The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal shall serve the summons, complaint, addendum, and this Order upon the defendants, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service.

SO ORDERED.

 8/19/14                              /s/ Leo T. Sorokin
DATE                                  LEO T. SOROKIN
                                      UNITED STATES DISTRICT JUDGE

---

awaiting a hearing to determine commitment under Florida's sexually violent predator act was not a prisoner under the PLRA); Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001) (holding that inmate held at mental institution pursuant to a finding that he was not guilty by reason of insanity was not a prisoner within the meaning of the PLRA); Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir.2000) (concluding that civil detainee under California's Sexually Violent Predators Act was not a prisoner under the PLRA).

[2]Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2).